### VILLAGE OF LITTLE VALLEY *v.* AYRES *et al.*

(*Circuit Court, Cattaraugus County.* November 5, 1888.)

MUNICIPAL CORPORATIONS—OFFICERS AND AGENTS—USE OF FUNDS—LIABILITY.

Laws N. Y. 1870, c. 291, title 8, § 11, which provides that any officer or person who shall appropriate any money of a village, contrary to the provisions of said chapter, shall be personally liable to the village for such money, does not apply to village trustees who in good faith appropriate money belonging to the village highway fund to the payment of a liability of the village which should not be paid out of said fund, but for which the trustees may provide a fund by special tax.

Action by the village of Little Valley against Daniel P. Ayres and others, trustees of the village, to recover $150, alleged to have been misappropriated by defendants from the village highway fund. The action was tried by the court without a jury.

*Jenkins & Congdon*, for plaintiff.   *C. Z. Lincoln*, for defendants.

LEWIS, J.   The plaintiff is a village incorporated under chapter 291 of the Laws of 1870, entitled "An act for the incorporation of villages." Pro-

ceedings were instituted by the defendants as trustees of the village in the year 1886 to lay out and open a street in said village. For that purpose lands belonging to a Mrs. Brooks were taken, and the trustees agreed with Mrs. Brooks upon $175 as the damages sustained by her by reason of the taking of her land. The defendants as such trustees gave to Mrs. Brooks in part payment for the land so taken an order on the treasurer of the village for the sum of $150, payable out of the moneys appropriated for highway taxes in the village. The order was paid by the treasurer out of that fund, and this action is brought against the defendants to recover this sum of $150, as money wrongfully converted by them to their own use. The plaintiff relies, to maintain its action, upon section 11 of title 8 of the act above referred to. This section provides that "Any officer or person who shall * * * appropriate any money * * * of the village, contrary to the provisions of this act, * * * shall be personally liable to the village for such money; * * * and any willful violation of this section shall also be a misdemeanor." The trustees of the village are by this act, given the care, management, and control of the finances of the village; the care of its streets, with the power to open and lay out new streets; and they are given the power, by section 6 of title 4, to raise by assessment and tax money for the expenditures required by the provisions of the act, with the power in any one year, in addition to the poll-tax, to raise by tax such sum as they may deem necessary, not exceeding in any one year the amount of 1 per cent. upon the assessed valuation of such village, to be denominated a highway tax to work and improve the streets of the village, which is to be assessed and collected as all other taxes are by the provisions of this act. The section further provides that the money so raised, with the proceeds of the poll-tax, shall be devoted to the purposes expressed in the section, and kept apart as a separate and distinct fund by the treasurer. The plaintiff claims that the drawing of this order was an appropriation of the money of the plaintiff to the defendants' use, contrary to the provisions of the act. That it was an appropriation of a portion of the highway fund of the village to another purpose than that for which it was raised, and which should have been kept as a separate and distinct fund by the treasurer, is quite clear. It was so held in the case of *People* v. *Wilson,* as treasurer of the plaintiff, reported in 46 Hun, 134. That was an appeal from a special term order denying the application of the relator for a *mandamus* to compel the treasurer of the village to pay out of this same fund a $25 order drawn upon the highway fund by these defendants to pay to Mrs. Brooks the balance of the purchase price of her lands. But were the defendants guilty of such a misappropriation of this money as to give the village a right of action against them for wrongfully converting it to their own use? It was incumbent upon the defendants as trustees to create a fund to pay Mrs. Brooks for this land, and to do so they were required to assess the real property of the village. The same property practically would have been assessed to raise both funds. The act of 1870 gives to the defendants as such trustees power to raise by assessment and tax the money necessary for the expenditures of the village. They possessed only the powers conferred upon them by the act, and, should they appropriate money belonging to the village to a purpose outside and beyond their powers and jurisdiction, they would be liable to the village for the money thus appropriated. And it is some such act of appropriation which is prohibited by the section referred to, and not the applying of the money of the village belonging to one fund to the payment of a debt which should have been paid out of another fund belonging to the village. The plaintiff has lost nothing by the misappropriation of this money. The highway fund, it is true, has been reduced $150, but the money has been applied to the payment of a just debt of the village. The practice of misappropriating the village funds as was done in this case is not to be approved, and should a case arise where the village suffers damages from such an act on the part of the trus-

tees, it would have a cause of action against them. The defendants were public officers. They acted under a misapprehension of their powers, without intentionally doing a wrong, and they should not be held liable to refund the money if this section can be consistently construed so as to protect them. And, having come to the conclusion that the act of the defendants complained of was not such an appropriation of money as is inhibited by section 11, it follows that the complaint of the plaintiff should be dismissed, with costs. So ordered.